UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIBEL JOHANSON, | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 20-cv-64 |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
| Defendant. | : | JANUARY 14, 2020 |

**NOTICE OF REMOVAL**

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

("Prudential"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and

1446, files this Notice of Removal with respect to the above captioned case, which was filed and

currently is pending in Connecticut Superior Court, Fairfield Judicial Branch. In support of its

Notice of Removal on both federal question and diversity jurisdiction grounds, Defendant states

as follows:

**Timeliness and Background**

1.      On December 24, 2019, Plaintiff Maribel Johanson ("Plaintiff") commenced a

civil action against Prudential by filing a complaint in the Connecticut Superior Court, Fairfield

Judicial Branch titled *Maribel Johanson Administratrix Of The Estate Of Mark Johanson v. The*

*Prudential Insurance Company Of America*, Case No. FBT-CV20-6092751-S. Pursuant to 28

U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff' complaint, which

constitute "all summons, pleadings, and orders" served upon Prudential in the state court action,

is attached hereto as Exhibit A.  There are no other parties named in Plaintiff' s complaint.

2.      Prior to filing the complaint with the Connecticut Superior Court, Plaintiff appears to have caused Prudential to be served on December 16, 2019.  Because Prudential has filed this Notice of Removal within thirty days of service, regardless of when the action was filed, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).  *See*, *generally*, *Homer v. GMAC Mortgage LLC*, No. 3:10-1937, 2011 WL 3859719, at *2 (D.Conn. Aug. 31, 2011).

3.      In the complaint, Plaintiff alleges that in her capacity as administratrix of the estate of her late husband, Mark Johanson, she is owed a death benefit of $200,000 under "a policy of insurance designated as policy number G-23747 insuring Sikorsky [Aircraft Corporation] employees including . . . Mark Johanson." (Compl. ¶ 5.)

4.      Although any state law claim concerning payment of benefits under the plan is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, Plaintiff asserts five state law claims based on Prudential's alleged failure to pay the death benefit she seeks including breach of contract (Compl. ¶¶ 1-13), negligence (Compl. ¶ 14), declaratory judgment (Compl. ¶¶ 15-16), unjust enrichment (Compl. ¶¶ 17-18), and bad faith (Compl. ¶¶ 19-22). Plaintiff seeks monetary damages, attorneys' fees, costs, interest, and other relief. (Compl. Wherefore Clause.)

## Federal Question Jurisdiction

5.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States in the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.      In her Complaint, Plaintiff seeks life insurance benefits allegedly due to her under

an insurance plan offered by her late husband's employer, Sikorsky Aircraft Corporation, a

subsidiary of Lockheed Martin Corporation ("Lockheed"). (*See* Compl. ¶¶ 4-6, 13, 16, 19.) By

offering insurance benefits to its employees, Lockheed has established an employee welfare

benefit plan that is governed by the Employee Retirement Income Security Act of 1974 as

amended ("ERISA"), 29 U.S.C. § 1001, *et seq*..

7.      Even though Plaintiff did not explicitly invoke ERISA in bringing suit, ERISA

provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan

who bring actions related to the recovery of benefits, including the breach of contract,

negligence, declaratory judgment, unjust enrichment, and bad faith claims alleged in the

Complaint alleged in the Complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63

(1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355, 394 (2002).

8.      As ERISA provides the exclusive remedy for a claim of benefits, ERISA

"completely preempts" any state law claim or remedy based on any wrongful withholding of

benefits promised under an employee benefit plan. *See*, *e.g.*, *Aetna Health, Inc. v. Davila*, 542

U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful

withholding of benefits, including claims with requirements beyond those for recovery under

ERISA § 502(a), 29 U.S.C. § 1132(a)).

9.      A claim seeking benefits under an ERISA plan that is filed in state court is

removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even

where the complaint does not on its face allege that it arises under ERISA. *See*, *e.g.*,

*Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make

causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

10.     The insurance benefits Plaintiff seeks are provided pursuant to an employee benefit plan sponsored by her late husband's employer, Sikorsky Aircraft Corporation, a subsidiary of Lockheed. Further, the plan is governed by ERISA. Accordingly, because this action seeks life insurance benefits pursuant to an ERISA-regulated plan, this action arises under federal law (specifically, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)). The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

## Diversity Jurisdiction

11.     This Court also has jurisdiction based upon diversity.  Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

### *The Parties Are Diverse*

12.     As reflected in Plaintiff's Complaint, Plaintiff is a citizen of the State of Connecticut (Compl. ¶ 1.)

13.     Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

14.     Prudential is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey. Prudential is not a citizen of the State of Connecticut. See 28 U.S.C. § 1332(c)(1); see also Compl. ¶ 3 (acknowledging that Prudential is a foreign corporation).

15.     Thus, Plaintiff and Prudential are citizens of different states, and this case is "between citizens of different states."  28 U.S.C. § 1332(a), (c).

*The Amount In Controversy Exceeds $75,000*

16.     Plaintiff seeks death benefits under the policy, monetary damages, attorneys' fees, costs, interest, and other relief pursuant to under state law theories of recovery. (Compl. Wherefore Clause.)

17.     Plaintiff alleges that the death benefit at issue is $200,000.00. (Compl. ¶¶ 11, 16, 19.)

18.     Although Prudential disputes that any additional death benefit is owed to Plaintiff, the potential death benefit at issue is $200,000.00.

19.     Accordingly, the amount in dispute is at least $200,000.00, so the amount in controversy is more than $75,000, and this case properly is removable to federal court. *See* 28 U.S.C. § 1332(c).

## Venue and Notice to State Court

20.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 86, this District embraces the Connecticut Superior Court, Fairfield Judicial Branch, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

Accordingly, this Court is the appropriate venue for removal of this action.  28 U.S.C. § 1441(a); 28 U.S.C. § 86.

21.      Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Connecticut Superior Court, Fairfield Judicial Branch and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit B.

<u>**Conclusion**</u>

22.      Prudential submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

23.      Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

24.      Based on the foregoing, this Court has original jurisdiction over this action based on diversity and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1332; therefore, the Court may properly exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

WHEREFORE, Prudential submits that this action is properly removable based on diversity and federal question jurisdiction and respectfully requests that the above-described

action pending against it be removed to the District of Connecticut (Bridgeport Division).

Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: January 14, 2020                    Respectfully submitted,

                                           SEYFARTH SHAW LLP


                                           By:  */s/ James C. Goodfellow, Jr.*
                                                James C. Goodfellow, Jr.,
                                                Connecticut Bar No. 427596
                                                Federal Bar No. ct27967
                                                jgoodfellow@seyfarth.com


SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

**CERTIFICATION**

I hereby certify that on this 14th day of January, 2020, I filed the within Notice of

Removal by CM/ECF, and served a copy of the same by U.S. mail, postage prepaid, upon the

following:

> Christopher A. Sica
> Rome Clifford Katz & Koerner, LLP
> 214 Main Street
> Hartford, Connecticut 06106
> *Counsel for Plaintiff, Maribel Johanson*

> */s/ James C. Goodfellow*
> James C. Goodfellow